UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **CHRISTOPHER DAMONE DAVIS** | **CIVIL ACTION NO. 3:12-cv-0830** |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **JOHNATHAN D. CHAPMAN, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Christopher Damone Davis, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on March 30, 2012. Plaintiff is a prisoner in the Ouachita Parish Corrections Center, Monroe, Louisiana. He complains that he was the victim of excessive force when he was arrested by the defendant, Officer Johnathan D. Chapman of the Monroe Police "Snapp/Mett Team" on March 9, 2012. He sued Officer Chapman and the "Snapp/Mett Team" praying for Chapman's termination from employment and for a "legal action suit to Monroe Police Department Snapp/Mett Team." This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED** in accordance with FRCP Rule 41.

*Background*

Plaintiff claims that on March 9, 2012, he was operating a motor vehicle on Breard St. in Monroe when he was stopped by three patrol cars of the Monroe Police "Snapp/Mett Team." Thereafter, Officer Chapman approached plaintiff's vehicle and asked plaintiff to identify himself; according to plaintiff, he complied. Chapman then pulled plaintiff from the vehicle,

threw him down, handcuffed him from behind and started kicking, punching and tasing plaintiff with a stun gun for no reason.

On October 22, 2012, plaintiff was directed to amend his complaint to provide more specific information and to dismiss non-juridical defendants of which he was notified in the order. The order directed plaintiff to amend his complaint within 30 days of its date, or on or before November 21, 2012. Plaintiff has not complied with the order nor has he corresponded with the court since he submitted a motion for subpoena on October 1, 2012.

*Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).[1] Therefore,

---

[1] The undersigned further finds that to the extent the applicable statute of limitations may bar plaintiff from re-filing the instant suit, then dismissal at this juncture effectively will constitute dismissal "with prejudice," – "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court rule or order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers at Monroe, Louisiana, January 14, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case. As discussed above, plaintiff has ignored a court order directing him to amend his complaint and he has not even attempted to contact the court since October 2012. Furthermore, since plaintiff is proceeding *in forma pauperis*, it is unlikely that he enjoys sufficient means to fund a lesser, monetary sanction. Moreover, dismissal of the case may be the least sanction where, as here, there is every indication that plaintiff no longer wishes to pursue his cause of action given that he has failed to respond.