**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

| | |
|---|---|
| **CHRISTOPHER DAMONE DAVIS** | **CIVIL ACTION NO. 3:12-cv-0830** |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **JOHNATHAN D. CHAPMAN, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff Christopher Damone Davis, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on March 30, 2012. Plaintiff is a prisoner in the Ouachita Parish Corrections Center, Monroe, Louisiana. He complains that he was the victim of excessive force when he was arrested by the defendant, Officer Johnathan D. Chapman of the Monroe Police "Snapp/Mett Team" on March 9, 2012. He sued Officer Chapman and the "Snapp/Mett Team" praying for Chapman's termination from employment and for a "legal action suit to Monroe Police Department Snapp/Mett Team." This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

***Background***

On October 22, 2012, the undersigned completed an initial review of the complaint and directed the plaintiff to amend his complaint to provide specific information. [Doc. 14] When plaintiff did not respond to the order, the undersigned recommended dismissal of the complaint

pursuant to F.R.C.P. Rule 41(b). [Doc. 15] Thereafter plaintiff filed an objection indicating his desire to maintain this litigation. He claimed that he was unable to respond to the Court order because his efforts to obtain information from the defendants via a subpoena duces tecum were denied by the State court where his criminal charges remain pending. [Doc. 16] Given that response, the Court declined to adopt the Report and Recommendation and remanded to the undersigned for further proceedings. [Doc. 17]

On May 9, 2013, the undersigned observed that although plaintiff had indicated his desire to proceed with the instant complaint, he had not complied with the memorandum order of October 22, 2012. [Doc. 14] Accordingly, plaintiff was provided another copy of the original memorandum order and again directed to amend his complaint. [Doc. 18] The original memorandum order noted:

> Plaintiff alleges that he was the victim of excessive and unnecessary force at the hands of Officer Chapman. Plaintiff should amend his complaint to state whether criminal charges were filed against him, and if so, the nature of the charges that were filed against him, whether he was convicted of those charges or whether they remain pending, and whether success in this proceeding would call into question the validity of his conviction or the pending charges. *See Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (holding that dismissal is required when a state prisoner whose conviction or sentence has not been declared invalid seeks damages in a § 1983 suit and a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence); and *Hudson v. Hughes*, 98 F.3d 868, 872-73 (5th Cir.1996) (holding an excessive-force claim was barred by *Heck* where it would imply the invalidity of a conviction for battery).
>
> Further, plaintiff has not alleged that he sustained any injury as a result of the incident in question. He should amend his complaint to describe what injuries, if any, he suffered as a result of the actions of the defendant.
>
> Plaintiff named the Monroe Police Department's 'Snap/Mett Team' as a defendant. Rule 17(b) of the Federal Rules of Civil Procedure provides that capacity to sue or be sued is determined 'by the law of the state where the court is

> located ...' Fed.R.Civ.P. 17(b)(3). Under Louisiana law, an entity must qualify as a 'juridical person' before it may be sued. *Hunt v. Town of New Llano*, 930 So.2d 251, 254, (La.App. 3d Cir.2006) (citations omitted). A 'juridical person' is defined by the Louisiana Civil Code as '... an entity to which the law attributes personality, such as a corporation or partnership.' La. Civ.Code Art. 24. Neither the Monroe Police Department nor the 'Snap/Mett Team' are juridical persons capable of being sued. *Dugas v. City of Breaux Bridge Police Dep't*, 757 So.2d 741, 743–44 (La.App. 3d Cir.2000); see also *See Evans v. City of Homer*, 2007 WL 2710792 (W.D.La.2007); *Martin v. Davis*, 2007 WL 763653 (E.D.La.2007) ('Under Louisiana law, police departments are not juridical entities capable of suing or being sued.'). Plaintiff should dismiss his complaint against this non-juridical defendant.
>
> Finally, plaintiff prays only that the offending officer be discharged from employment. That is not a remedy available to plaintiff under Section 1983. [Doc. 14]

On May 17, 2013 plaintiff submitted his response to the second amend order. Therein he again recounted that on some unspecified date he was operating a motor vehicle en route to the residence of his friend, Jodie Pratt, on the north side of Monroe when he was stopped by Corporal Chapman and asked to produce his drivers license. Plaintiff was unable to produce his license or any other form of identification but he was able to verbally supply his name, Social Security Number, and drivers license number. Chapman asked plaintiff where he was going and plaintiff responded. Plaintiff then asked Chapman to articulate the probable cause for the traffic stop and Chapman replied that he could not see a proper license tag on plaintiff's vehicle and that he had observe plaintiff parked improperly.

Chapman then advised plaintiff that he was under arrest and he ordered plaintiff to exit his vehicle. At that point plaintiff was grabbed by Chapman and slammed to the ground where he was handcuffed, punched, and tasered. Plaintiff further indicated that criminal charges are still pending against plaintiff and that Judge Rambo of the Fourth Judicial District Court either

ordered or refused to order production of the audio and video recordings from Chapman's police cruiser in the context of the pending criminal proceeding. Plaintiff concluded by reiterating his request that Chapman be terminated from employment. He also prayed again for "legal action against Monroe Police Department Snapp/Mett team."

***Law and Analysis***

***1. Screening***

Plaintiff was a prisoner who was permitted to proceed *in forma pauperis* when he filed this suit. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and §1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

***2. Juridical Person***

Despite having been instructed that the "Monroe Police Department Snapp/Mett team" is

not a proper party defendant, plaintiff still maintains his desire to seek "legal action" against this non-juridical entity. Fed. R. Civ. P. 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether an entity such as a municipal police department or a subdivision thereof, has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24. Under Louisiana law, police departments, and by extension, subdivisions within the departments, are not juridical entities capable of suing or being sued. *LaMartina–Howell v. St. Tammany Parish Sch. Bd.*, 2009 WL 3837323 (E.D.La. Nov. 12, 2009); *Hicks v. Page*, 2010 WL 2243584 (W.D.La. Feb. 26, 2010); *Batiste v. Bonin*, 2007 WL 1791219 (W.D. La. June 13, 2007); *Evans v. City of Homer*, 2007 WL 2710792 (W.D .La. Sept. 12, 2007); *Martin v. Davis*, 2007 WL 763653 (E.D.La.2007).

Plaintiff's claims against the Monroe Police Department and its "Snapp/Mett" team are frivolous.

***3. Excessive Force***

Plaintiff claims that he was the victim of excessive force at the hands of the defendant Corporal Chapman and another unnamed police officer. To prevail on an excessive force claim, a plaintiff must establish: "(1) injury (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Tarver v. City of Edna*, 410 F.3d 745, 751 (5th Cir. 2005); *Goodson v. City of Corpus Christi*, 202 F.3d 730, 740 (5th Cir. 2000). Plaintiff was twice directed to amend his complaint to allege injury, yet

he has failed to do so and therefore his excessive force allegation is insufficient to state a claim for which relief may be granted.

Plaintiff was also twice directed to amend his complaint to state whether criminal charges were filed against him, and if so, the nature of the charges that were filed against him, whether he was convicted of those charges or whether they remain pending, and whether success in this proceeding would call into question the validity of his conviction or the pending charges. *See Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (holding that dismissal is required when a state prisoner whose conviction or sentence has not been declared invalid seeks damages in a § 1983 suit and a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence); and *Hudson v. Hughes*, 98 F.3d 868, 872-73 (5th Cir.1996) (holding an excessive-force claim was barred by *Heck* where it would imply the invalidity of a conviction for battery).

Plaintiff implies that criminal charges were lodged against him and that in the context of those criminal charges he was successful in obtaining pre-trial discovery of the video and audio tapes of his arrest. Nevertheless, he has once again failed to provide the information he was instructed to provide with regard to the pending charges and the applicability of *Heck* and *Hudson* to his cause of action, and his continued failure to provide the factual basis for his claim warrants dismissal.

***4. Relief Requested***

Finally, plaintiff has only and always requested the dismissal of Corporal Chapman from employment, a form of relief which is simply not available in a Section 1983 action such as this. *Reyes v. Hale County Jail*, No. 5:03-CV-180-C, 2003 WL 22670929, at *3 (N.D.Tex. Sept. 16,

2003); *Quick v. Edwards*, No. 3:05-CV-1151-L, 2006 WL 1751737 (N.D. Tex., June 26, 2006).

***Conclusion and Recommendation***

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted in accordance with the provisions of 28 U.S.C. §§ 1915 and 1915A.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14)days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).**

In Chambers, Monroe, Louisiana, June 10, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE